UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MIGUEL MARIO LAM,

Plaintiff,

v.

DIAZ, et al.,

Defendants.

Case No.: 1:25-cv-02067-EGC (PC)

**ORDER REGARDING PLAINTIFF'S REQUEST FOR STATUS**

(Doc. 9)

Plaintiff Miguel Mario Lam is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

**I. INTRODUCTION**

Plaintiff filed his complaint in this Court on December 30, 2025. (Doc. 1.) The Court issued and served new case documents that same date. (Doc. 2.)

On January 5, 2026, the Court directed Plaintiff to submit a signed Application to Proceed In Forma Pauperis (IFP) within 30 days. (Doc. 5.) Plaintiff complied (Doc. 6) and the Court granted Plaintiff IFP status on February 2, 2026 (Doc. 7).

On March 6, 2026, the Court's February 2 order was returned marked "Undeliverable, Return to Sender, Inmate Refused, Chrono on File." (*See* Docket Entry dated 3/6/26.)

On May 4, 2026, this case was reassigned to the undersigned following the formerly assigned magistrate judge's retirement. (Doc. 8.)

On October 19, 2026, Plaintiff filed a document titled "Case Status Inquiry." (Doc. 9.)

**II. DISCUSSION**

Plaintiff inquiries into the status of this case to "ensure the free and open line of communication through correspondence remains unaffected." (Doc. 9.) He states since filing his

complaint he has "only received (1) one letter which detailed a change in the Judge who would be presiding over the case." (*Id.*) He wishes to "ensure the fair and just judicial process of [his] claims on their merits." (*Id.*)

As Plaintiff was advised in the First Informational Order in Prisoner/Civil Detainee Case issued December 30, 2025, this "Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or employee of a governmental entity. 28 U.S.C. 1915A(a)." (*See* Doc. 2 at 3.) The Order further advised that the Court screens prisoner complaints "as expeditiously as possible" but warned it "has an extremely large number of pro se plaintiff civil rights cases pending before it, and delay is inevitable. As long as a party keeps the Court informed of the party's current address, the Court will provide notice of all actions which might affect the case as soon as an action is taken in the case." (*Id*. at 3-4.)

The undersigned's prisoner civil rights caseload is heavy and dozens of prisoner complaints await screening. The undersigned is also assigned to hundreds of regular civil and criminal cases. This Court is one of the busiest district courts in the nation and all judges carry heavy caseloads. Further, the Court is operating under a continuing judicial emergency. *See* https://www.caed.uscourts.gov/caednew/index.cfm/news/judicial-emergency/. Delays, while unfortunate, are unavoidable. Plaintiff is advised his complaint will be screened in due course. Until screening has occurred, no further action is required.

**III. CONCLUSION AND ORDER**

Accordingly, the Court **HEREBY ORDERS** that Plaintiff's "Case Status Inquiry" (Doc. 9) is **RESOLVED**.

IT IS SO ORDERED.

Dated: **October 23, 2026**

Erin Sug Castillo

UNITED STATES MAGISTRATE JUDGE